FILED
SUPERIOR COURT
OF GUAM

2014 APR 25 PM 4: 17

CLERK OF COURT
BY:___

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ALLYN KELLEY,<br><br>                    Plaintiff,<br><br>      v.<br><br>MARK S. KELLEY,<br><br>                    Defendant. | DOMESTIC CASE NO.<br>DM0488-10<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on January 10, 2014 on Defendant Mark S. Kelley's ("Defendant") Motion to Amend Decision and Order. Attorney Joaquin Arriola Jr. appeared on behalf of Defendant. Attorney Anthony R. Camacho appeared on behalf of Plaintiff Allyn Kelley ("Plaintiff"). Having reviewed the pleadings and the arguments presented, the Court now issues its Decision and Order.

### BACKGROUND

On March 1, 2013, the Court issued its Findings of Facts and Conclusions of Law and Final Decree of Divorce. Therein, the Court found, among other things, that Plaintiff maintains a 38.5% interest in Defendant's retirement and thrift savings plan. Also, the Court found that Defendant maintains a 40.5% interest in Plaintiff's retirement and thrift savings plan. On July 10, 2013, Defendant filed a Motion for Writ of Execution, Judgment on Sums Due, and Qualified Domestic Relations Order or Other Order for Garnishment of TSP and Retirement Accounts. The Court held a hearing on that motion on September 2, 2013. At that hearing, Defendant's counsel proposed that instead of garnishing both TSP accounts, the Court offset the

*Kelley v. Kelley*
DM0488-10
Decision & Order

amount Defendant owes Plaintiff with the amount Plaintiff owes Defendant, resulting in Plaintiff paying Defendant the net difference. Although Plaintiff indicated a non-opposition to Defendant's proposal, Plaintiff suggested separate orders regarding the TSP accounts. The Court directed both parties to submit their proposed orders. As of today, the Court is in receipt of only Defendant's proposed order.

On November 5, 2013, Defendant filed a Motion to Amend Decision and Order. This motion was brought as a result of the Defense Finance and Accounting Service's ("DFAS") informing Defendant that Plaintiff's "retired/retainer is based on disability, [and] thus there are no funds available for payment under the USFSPA." (Decl. of Mark S. Kelley, Nov. 5, 2013; Ex. A-B). Defendant now seeks to have the Court amend the final divorce decree so that neither party would be entitled to the other's retirement.

## DISCUSSION

Once a divorce decree becomes final, a court may not modify the decree regarding property matters. *Hart v. Hart*, 2008 Guam 11 ¶ 7; *But see* 27C C.J.S. Divorce § 954 (final judgment involving property rights cannot be modified absent fraud, coercion, or other grounds on which ordinary judgments may be modified or set aside). On Guam, Rule 60(b) of the Guam Rules of Civil Procedure provides the grounds for which relief from a final judgment may be granted. Rule 60(b) provides that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceedings for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is

no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceedings, or to grant relief to a defendant not actually personally as required by law, or to set aside a judgment for fraud upon the court. Writ of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

GRCP 60(b).

Defendant argues that under Rule 60(b)(1), (2) and (6), and per his declaration and exhibits, there is newly discovered evidence and other reasons justifying relief that warrant modification or amendment of the Court's findings. (Def's. Mot at 5)[1]. Specifically, Defendant argues that Plaintiff has been receiving "disability retirement" since the divorce was granted, and Defendant, per the military policies and rules, is not entitled to any of Plaintiff's "disability" retirement. *Id.* Plaintiff argues that no grounds exist to justify the amendment of the Final Decree of Divorce pursuant to Rule 60(b)(1), (2), or (6). (Pl's. Opp. at 2). Specifically, Plaintiff first argues that Defendant's motion is an attempt to reconsider legal issues already addressed— that being Plaintiff should not be entitled to any of Defendant's retirement because of Plaintiff's alleged extreme cruelty. *Id.* at 3. Second, Plaintiff argues that the Court may not modify the final divorce decree pursuant to *Hart v. Hart*. *Id.* at 4. Lastly, Plaintiff argues that under rule 60(b)(6), the DFAS' denial of Defendant's request for payment of his portion of Plaintiff's retirement pay is not an extraordinary circumstance justifying amendment of the judgment. Plaintiff essentially argues that at the time of her retirement, she had no disposable retirement

---

[1] Defendant also relies on GRCP 52(b) for relief. *See* GRCP 52(b). However, Rule 52(b) limits the timing of filing a motion under that rule to no later than 10 days after entry of judgment. As this motion was brought well after the 10 day limit, relief under Rule 52(b) is time barred.

pay to satisfy Defendant's award of a portion of her retirement. *Id.* To that end, Plaintiff argues that the Uniformed Sercives Former Spouses Protection Act's ("USFSPA") restrictions on dividing disability retirement pay existed at the time of trial and at the time the Court rendered its final divorce Decree. *Id.*

In the Court's Findings of Fact and Conclusions of Law and Final Decree of Divorce, the Court made its findings regarding retirement benefits pursuant to the USFSPA. This act provided that a "court may treat disposable retired pay payable to a member . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction." *Hart* ¶ 16. As a result of this act, "the Superior Courts of Guam have jurisdiction to treat military retirement pay in accordance with Guam's community property laws." *Id.* ¶ 17.

During the bench trial conducted before this Court, Counsel for Defendant asked Plaintiff whether she planned to medically retire or if she had made any efforts to medically retire. (Testimony of Allyn Kelley, Record Log at 12:37:57, Jul. 11, 2012). Plaintiff responded by saying she was in the process of going through a medical evaluation board but that she had no idea what the results were going to be. *Id.* at 12:38:02. Counsel for Defendant then inquired into the status of that proceeding, to which Plaintiff responded that she submitted the paperwork before she left to Colorado, and that she did not know how long the process was going to take. *Id.* at12:38:18. Next, after being asked if Plaintiff submitted an application to obtain medical retirement, Plaintiff responded by stating it is not an application but instead documentation submitted to the board to make their determination. *Id.* at 12:38:37. Finally, when asked what medical condition Plaintiff was raising in her request for medical retirement, Plaintiff stated that she did not put in a "request" for medical retirement, but was merely allowing the board to make that determination. *Id.* at 12:38:57. Based on this dialogue, neither party could be certain

whether or not Plaintiff was to receive medical retirement. While the Court could speculate as to whether or not Plaintiff would obtain medical retirement, no evidence was presented to corroborate such speculation.

When the Court issued its Findings of Fact and Conclusions of Law and Final Divorce Decree on March 1, 2013, the Court divided the retirement benefits without a view to Plaintiff actually obtaining medical retirement. On that basis, the Court found that Plaintiff maintained a 38.5% interest in Defendant's retirement and thrift savings plan, and that Defendant maintained a 40.5% interest in Plaintiff's retirement and thrift savings plan. Rule 60(b)(2) allows for relief from a final judgment when there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." GRCP 60(b)(2). As mentioned above, DFAS informed Defendant that the entire amount of the [Plaintiff's] retired/retainer pay is based on disability, thus there are no funds available for payment under the USFSPA. (Decl. of Mark S. Kelley, Nov. 5, 2013; Ex. A-B). The Court finds this to be new evidence which could not have been discovered in time for Defendant to move for a new trial, and therefore, relief from the final judgment is justified. To allow the order to remain status quo, now that Plaintiff has obtained medical retirement, would be to undermine the principles of fairness and equity woven into property division[2]. Plaintiff would be entitled to Defendant's retirement under the Court's order while Defendant would not be entitled to Plaintiff's retirement, as medical retirement is deemed not disposable for purposes of division. On that basis, the Court's Findings of Fact and Conclusions of Law and Final Decree of Divorce will be modified to reflect that neither party retains any interest in either party's military retirement pay.

---

[2] As indicated in the Courts Findings of Fact and Conclusions of Law, the Court's earlier finding of adultery did not affect its conclusions regarding division of the parties' retirement benefits. Finds. Fact & Concl. L. at 5, Mar. 1, 2013.

*Kelley v. Kelley*
DM0488-10
Decision & Order

//

//

//

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Amend is hereby GRANTED. In accordance with this order, Defendant shall submit an Amended Final Decree approved as to form by both parties within fifteen (15) days of issuance of this decision and order. Also, both parties are to submit their proposed orders regarding the TSP accounts within fifteen (15) days of issuance of this decision and order.

**IT IS SO ORDERED** this 25th day of April, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam